IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Glenda G., | ) | Case No.: 6:23-cv-01950-JD-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Martin J. O'Malley, Commissioner of Social Security Administration, | ) ) ) | |
| Defendant. | ) ) | |

This social security matter is before the Court with the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald ("Report and Recommendation" or "Report" or "R&R") under Local Civil Rule 73.02(B)(2)(a) (D.S.C.). Plaintiff Glenda G.[1] ("Plaintiff") brings this action pursuant to 42 U.S.C. §§ 405(g), as amended, seeking judicial review of a final decision of Defendant Martin J. O'Malley,[2] Commissioner of Social Security Administration ("Defendant" or "Commissioner"), denying her Disability Insurance Benefits ("DIB") under the Social Security Act ("Act"). The Magistrate Judge issued a Report and Recommendation on April 10, 2024, recommending the Commissioner's decision be affirmed. (DE 24.)

On April 25, 2024, Plaintiff filed an Objection to the Report and Recommendation, stating:

> in her initial brief that the ALJ erred in the administrative hearing decision by (1) finding her migraines and mental impairments non-severe (doc. 21 at 21–25); (2) failing to explain how the residual functional capacity ("RFC") assessment accounted for her impairments (Id. at 15–21); (3) failing to appropriately weigh opinion evidence from her providers (Id. at 17–18, 25–32); and (4) failing to

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

[2] Martin J. O'Malley was sworn in as the Commissioner of the Social Security Administration on December 20, 2023. Accordingly, he is automatically substituted for Kilolo Kijakazi, Acting Commissioner of Social Security.

1

sufficiently explain the evaluation of her subjective complaints as required under Social Security Ruling ("SSR") 16-3p (Id. at 32–34).

(DE 25, p. 1.) Defendant filed a reply in opposition. (DE 26.) Having carefully considered Plaintiff's objection and the applicable law, the Court affirms the decision of the Commissioner.

## BACKGROUND

The Report and Recommendation sets forth the relevant facts and legal standards, which this Court incorporates here without a full recitation. (DE 24.) However, as a brief background relating to the objections raised by the Commissioner, the Court provides this summary. Plaintiff was 50 years old on the alleged disability onset date, March 1, 2018, and seeks disability benefits based on physical and mental impairments secondary to diabetes and neuropathy. She has past relevant work experience as a receptionist and loan clerk. (DE 9-9, p. 19.) Plaintiff argues that the ALJ erred by (1) finding Plaintiff's migraines and mental impairments non-severe (DE 21 at 21–25); (2) failing to explain how the residual functional capacity ("RFC") assessment accounted for Plaintiff's impairments (*id*. at 15–21); (3) failing to appropriately weigh opinion evidence from Plaintiff's providers (*id*. at 17–18, 25–32); and (4) failing to sufficiently explain the evaluation of Plaintiff's subjective complaints as required under Social Security Ruling ("SSR") 16-3p (*id*. at 32–34). Plaintiff requests that this matter be remanded with an award of benefits (*id*. at 19, 34–35). Conversely, the Commissioner asserts that the ALJ's decision is supported by substantial evidence, should be affirmed, and that benefits should not be awarded. (DE 22, pp. 5–16.)

## LEGAL STANDARD

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection

2

has been made, and may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(l). However, de novo review is unnecessary when a party makes general and conclusory objections without directing a court's attention to a specific error in the Magistrate Judge's proposed findings. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Absent any specific objection, the court only reviews the report and recommendation for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citation omitted); *see also Tyler v. Wates*, 84 F. App'x 289, 290 (4th Cir. 2003) ("A general objection to the entirety of the magistrate judge's report is tantamount to a failure to object.")

The role of the federal judiciary in the administrative scheme established by the Social Security Act is limited. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ."³ 42 U.S.C. § 405(g). The court must uphold the Commissioner's decision as long as it is supported by substantial evidence and reached through the application of the correct legal standard. *See Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). This standard precludes a de novo review of the factual circumstances that substitute the court's findings for those of the Commissioner. *See Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings,

---

³ "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).

and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. However, the court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Johnson*, 434 F.3d at 653. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Id.*

## DISCUSSION

Plaintiff objects to the Report and Recommendation stating:

> in her initial brief that the ALJ erred in the administrative hearing decision by (1) finding her migraines and mental impairments non-severe (doc. 21 at 21–25); (2) failing to explain how the residual functional capacity ("RFC") assessment accounted for her impairments (Id. at 15–21); (3) failing to appropriately weigh opinion evidence from her providers (Id. at 17–18, 25–32); and (4) failing to sufficiently explain the evaluation of her subjective complaints as required under Social Security Ruling ("SSR") 16-3p (Id. at 32–34).

(DE 25, p. 1.) The Court finds that these objections are practically identical to arguments Plaintiff made in her initial brief, namely, that the case should be remanded because the Administrative Law Judge ("ALJ") improperly assessed the non-severe migraine and mental impairments; the residual functional capacity (RFC); the opinion evidence; and subjective symptomology (*Compare* DE 25 *with* DE 18 and 21).

Here, the Magistrate Judge comprehensively and ably addressed the subject of each of Plaintiff's objections in the R&R. As to the ALJ's finding that Plaintiff's migraines and mental impairments were non-severe, the Magistrate Judge found substantial evidence supports the ALJ's determination because Plaintiff's migraines were "controlled with medication and/or other conservative measures and/or have not resulted in any" limitation in the plaintiff's ability to engage in work-related activities (DE 9-9, p. 9) and "the ALJ evaluated the four functional areas of mental functioning and found that the plaintiff had no more than mild limitations in each functional area, including understanding, remembering, and applying information; interacting with others;

4

concentrating, persisting, and maintaining pace; and adapting or managing herself [*id.* at 10]."

(DE 24, p. 7.) As to the RFC assessments accounting for Plaintiff's impairments, the R&R states:

> As noted, the plaintiff argues that the ALJ erred in finding that the plaintiff could engage in the sitting, standing, and walking required for sedentary work as set forth in the RFC (doc. 21 at 15–21). The undersigned disagrees. First, the plaintiff has referenced little to no record evidence in support of her assertion, vaguely suggesting that the ALJ's reference to the regulation setting forth the sitting, standing, and walking limitations was insufficient to explain the amount of sitting, standing, and walking the RFC assessment limited the plaintiff to – which is nonsensical. Indeed, as noted by the ALJ in the RFC assessment, she limited the plaintiff to sitting six hours per eight-hour day and standing or walking for two hours in an eight-hour day (Tr. 968 n.2). The plaintiff then goes on to argue that the ALJ failed to explain how the plaintiff could engage in the sitting, standing, and walking required by sedentary work, but the plaintiff provides no reference to record evidence in support of her assertion. Indeed, because the ALJ's decision reflects consideration of the plaintiff's treatment records in determining that she could engage in a range of sedentary work that did not include additional sitting, standing, or walking limitations, the plaintiff appears to request that this court reweigh the evidence and come to a different conclusion, which is beyond the purview of substantial evidence review.

(DE 24, pp. 12-13.)

Next as to the Plaintiff's argument that the ALJ and the Magistrate Judge failed to appropriately weigh opinion evidence from her providers, the Report states that the ALJ is no longer required to defer to or give any specific weight to medical opinions. *See* 20 C.F.R. § 404.1520c(a). Instead, the ALJ should consider and articulate in the decision how persuasive each medical opinion is based upon the factors of: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict a medical opinion. *Id.* § 404.1520c(b), (c). Supportability and consistency are the most important of the factors for consideration, and the ALJ is required to explain how he considered the supportability and consistency factors in evaluating opinion evidence. *Id*. § 404.1520c(a), (b)(2). An ALJ *may*, but is not required to, explain how the remaining factors were considered. *Id*. § 404.1520c(b)(2). Here, the ALJ considered the opinion of her providers. For example, the ALJ

5

was not persuaded by the opinion of Mr. Braswell, who holds a Master of Divinity and is a licensed professional counselor but not a physician, because his letter setting forth his opinions was not dated as well as because it was not supported by his progress notes (DE 9-9., pp. 17-18).  The ALJ noted that November 2018 notes from Mr. Braswell included some abnormal findings, but also indicated that Plaintiff was fully oriented, had good eye contact, her memory was not impaired, she was cooperative and interested, and Plaintiff was able to attend and maintain focus (*Id.* 17.) The ALJ also noted that Mr. Braswell's opinions about Plaintiff's physical abilities were outside of his expertise because he was not a physician.  (*Id.* 17-18.)

Finally, as to Plaintiff's subjective complaints, the Magistrate Judge noted Plaintiff argued "that the ALJ erred when she found the plaintiff's subjective complaints inconsistent with the record evidence because an electromyography ("EMG"), magnetic resonance imaging ("MRI"), and opinion evidence were consistent with the plaintiff's subjective complaints." (DE 24, p. 31.) The R&R further stated:

> In the RFC assessment, the ALJ set out the plaintiff's subjective complaints in detail (Tr. 968–69). In evaluating the plaintiff's subjective complaints, the ALJ found that while the plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, her statements concerning the intensity, persistence, and limiting effects of the symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision" (Tr. 969). In analyzing the appropriateness of the RFC assessment in light of the record evidence, the ALJ found the plaintiff's subjective complaints inconsistent internally as well as with other record evidence (Tr. 969–75).

Indisputably, the Magistrate Judge addressed each of Plaintiff's rehashed arguments.  Therefore, in light of the Report's specific discussion regarding Plaintiff's arguments, the Court overrules Plaintiff's collective objections.

## **CONCLUSION**

For these reasons, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

**AND IT IS SO ORDERED.**

_____
Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 30, 2024